# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14-cv-271-FDW

| | |
|---|---|
| MARVIN W. MILLSAPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| SUSAN WHITE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). See 28 U.S.C. §§ 1915(e), 1915A(a). On October 22, 2014, this Court entered an order granting Plaintiff in forma pauperis status and allowing Plaintiff to waive the initial filing fee. (Doc. No. 9).

**I. FACTS**

Pro se Plaintiff Marvin W. Millsaps, a state court inmate incarcerated at Mountain View Correctional Institution, filed the instant Complaint on October 16, 2014, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: Norma Melton, lead nurse at Mountain View Correctional Institution; Susan White, Administrator of Mountain View; Jackie Huggins, Unit Manager at Mountain View; Chad Greene, Assistant Unit Manager at Mountain View; and FNU Jackson, identified as "Maintenance" at Mountain View. Plaintiff alleges that on June 8, 2014, he filed a grievance because his cell had been leaking rain water for months, but prison officials did nothing to stop the leaking. (Doc. No. 1 at 3). On June 29, 2014, Plaintiff slipped and fell on water on the floor, resulting in numbness in his left hand and pain in his left upper shoulder and neck. Plaintiff alleges that he was subsequently treated with Ibuprofen, Tylenol, an ice pack, and

an ace band from the swelling, but Plaintiff alleges that Defendant Nurse Mellon was negligent by having only one medical technician available to treat Plaintiff's injuries. (Id.). Plaintiff alleges that the various Defendants were "negligent" in failing to address the water leak when he first complained about it and in failing to adequately treat Plaintiff's injuries. Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages. See (Id. at 4).

Plaintiff also alleges that he has currently pending an action before the North Carolina Industrial Commission dealing with the same facts that are involved in this action. (Id. at 1). Plaintiff states that he filed the action before the North Carolina Industrial Commission on July 4, 2014, in which he has brought claims for "negligence" against all of the Defendants named here.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519,

520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As noted, Plaintiff alleges in his Complaint that he has filed an action in the North Carolina Industrial Commission dealing with the same facts that are involved in this action, and he states that that action is pending. Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, the Court finds that all of the elements of Younger have been met. The Court will, therefore, abstain from addressing Plaintiff's claims here since, by his own allegations, he has raised the claims in an action that is pending before the North Carolina Industrial Commission. This action will, therefore, be dismissed.[1]

## IV. CONCLUSION

Having conducted an initial review in accordance with 28 U.S.C. § 1915(e)(2), the Court finds that this action must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

---

[1] The Court further notes that Plaintiff appears to be alleging, at most, that Defendants were negligent in failing to address the water leak and to adequately treat his injuries. Allegations that might be sufficient to support negligence do not, without more, rise to the level of a cognizable § 1983 claim for an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

(1) Plaintiff's Complaint is dismissed.

(2) The Clerk is instructed to terminate this action.

Frank D. Whitney
Chief United States District Judge